Milligan, J.,
delivered the opinion of the Court.
The single question presented in this record, is, whether the Chancery Court, in cases of lands sold *87 under its order, has jurisdiction, after confirmation, to issue a writ of possession to the purchaser.
The sale was made on the application of the administrator of Oliver Porter, deceased, whose estate, it appears, was insolvent, and the proceedings conducted, under the statute, in the County Court of Robertson County. The defendant, Woodard, became the purchaser, at the Commissioner’s sale, of a house and lot, near the town of Springfield, in said county, which was then, and now occupied by the plaintiff, Emeline Porter. The Commissioner’s report of the sale was confirmed without exceptions, and the title divested, and vested in the purchaser.
Some time thereafter, the purchaser applied to the County Court for a writ of possession, which was issued, under the order of the Court, and placed in the hands of the Sheriff, to be executed. Thereupon, the tenant, Mrs. Porter, in possession of the house and lot, brought the writ, by certiorari, into the Circuit Court; when, upon motion, her' petition was dismissed; and she appealed to this Court.
Did the Court properly dismiss the petition ? We think not. The case falls within the principle laid down in the cases of Young vs. Shumate, 3 Sneed, 369; Bond vs. Clay et al, 2 Head, 379; and, also, Young et al. vs. Thompson, 2 Col., 596.
The jurisdiction of the County Court, over the sale of lands, is purely statutory, and, after confirmation, it may give judgment upon the notes and obligations taken in the progress of the cause; and relieve, upon petition, any purchaser or party, or person interested, by open *88 ing biddings, setting aside sales, or otherwise, like the Circuit or Chancery Court, in similar cases; but it cannot issue a .writ of possession, or exercise any of the inherent powers of a Court of Chancery.
Secs. 4204, 4205, of the Code, do not confer upon the County Courts, any new or enlarged jurisdiction in this respect, as was held in the case of Bond vs. Clay, above cited. They are simply, say the Court, “declaratory of the law as it previously existed, in regard to the jurisdiction of the County Court, upon the subject, without vesting, in that tribunal, any new or more extended power or authority.”
The judgment of the Circuit Court must, therefore, be reversed; and this Court proceeding to render such judgment as the Circuit Court ought to have given, directs that the writ be quashed, and for nothing held.
Shaokeleord, J., dissenting.